Philadelphia Company for Guaranteeing Mortgages
*v.* Greenfield Realty Company.

Argued November 19, 1930.

Before TREXLER, P. J.,
KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and
WHITMORE, JJ.

*Joseph H. Sundheim* of *Bernheimer & Sundheim*,
for appellant.

*Samuel A. Goldberg* of *Wolf, Block, Schorr & Solis-Cohen*, for appellee.

OPINION BY CUNNINGHAM, J., February 27, 1931:

The action below was assumpsit in which the plaintiff sought to recover from the defendant the sum of $693.75 as the amount of certain taxes which it alleges defendant, although legally liable therefor, neglected to pay, with the result that plaintiff, as the purchaser of the property during the tax year in question, was compelled to pay them for its own protection.

Material averments of the statement of claim were that plaintiff, prior to May 1, 1929, was the owner by assignment of a bond and mortgage for $15,000 on premises at the northwest corner of 15th and Poplar Streets in the City of Philadelphia, the record title to which was in one Sarah Mayer; that on that date she conveyed to the defendant, Greenfield Realty Company, subject to the mortgage, 82½ per cent. of her interest in the property; that taxes in the amount of $693.75 were assessed against the entire property by the County of Philadelphia for the year 1930 and became due and payable on the first day of January; that default occurred in the payment of the bond and mortgage, resulting in foreclosure proceedings under which the premises were sold on May 5, 1930, to plaintiff for $50 but sheriff's deed was, at its instance, delivered to Midrealty Company, a holding company, the capital stock of which was owned by plaintiff; and that, because defendant failed to pay the taxes for 1930, plaintiff was obliged to make payment thereof on June 20th of that year.

The affidavit of defense averred that the defendant was not the sole owner of the property when the taxes were assessed but owned only 82½ per cent. thereof, the remaining interest being vested in Sarah Mayer as a tenant in common with it; that the taxes were assessed in the names of both owners; and that Midrealty Company is a separate and distinct corporation and took title from the sheriff on its own behalf and not as trustee or agent for plaintiff. It was further

averred that the Columbia Avenue Building and Loan Association, under an arrangement between it and plaintiff, had agreed to take a conveyance from plaintiff of the premises in the event that plaintiff acquired the same at the foreclosure sale and to pay plaintiff its entire indebtedness and save it harmless from all taxes assessed against the premises up to and including the year 1930; and that this association did, in fact, repay plaintiff on July 15th the taxes advanced by it.

Plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense and now appeals from the order of the court below discharging that rule. It is apparent that several distinct defenses were interposed. For the purpose, however, of disposing of this appeal we may properly confine our attention to the fundamental issue arising under the pleadings—whether plaintiff can recover from this defendant the whole amount of the taxes for the year in question when it appears from its own statement, as well as from the affidavit, that defendant was the owner of only a fractional interest in the property. It is the statutory personal liability of property owners for the payment of taxes, and not the liability of the real estate itself, that is made the basis of this suit. The court below, in an opinion by FINLETTER, P. J., supporting its order, stated that it felt "it would be a manifest injustice, not required by any general policy, to make the owner of a fractional interest, small or large, personally liable for the whole tax i. e. liable not only for his own proportion but also for that of his associate ownership." Under plaintiff's theory it might just as well have sued Sarah Mayer for the full amount of the taxes; no court would enter a summary judgment against her for that amount unless absolutely obliged so to do; nor do we think plaintiff was entitled to such a judgment against this defendant.

We have repeatedly said that the rule in cases of

this kind is that we do not reverse the court below unless it is clear and free from doubt that it erred in refusing judgment; nor do we discuss the applicable rules of law until an opportunity has been had to develop the facts at the trial. The authorities supporting the rule are cited in Wood v. U. S. National Building and Loan Association, 100 Pa. Superior Ct. 235, in which an opinion was filed January 30, 1931.

Order affirmed.