## Real Estate-Land Title & Trust Co. et al. v. Northeastern Title & Trust Co. et al.

*William C. Waltman* and *George W. Ott,* for plaintiff.

*Clelland L. Mitchell,* for Northeastern Title & Trust Company, defendant.

*Joseph P. Gaffney,* for James J. Connolly, defendant.

MACNEILLE, J., February 17, 1934.—In this suit, the plaintiffs seek to recover money they paid for taxes and municipal liens which accrued on a piece of land before foreclosure of a mortgage held by the plaintiffs.

The property was purchased at sheriff's safe by plaintiffs for $450, and thereafter they were forced to pay the sum of $5,742.58 to the receiver of taxes for the preservation of their lien.

The title to this land at the time of the foreclosure was in the name of Northeastern Title & Trust Company, one of the defendants—it being at that time the registered owner.

There is no doubt that, under the authority of The Pennsylvania Co., etc., v. Bergson, 307 Pa. 44, the plaintiffs are entitled to recover against the registered owner. Their difficulty is that they had joined four other defendants with Northeastern Title & Trust Company. In justification for this, they point to a contract executed by the four defendants so joined, in which they agreed with Northeastern Title & Trust Company that each of them should have a one-fourth interest in the land which was to be held in trust for them by the Northeastern Title & Trust Company. The effect of this trust agreement was to make Northeastern Title & Trust Company their trustee, pledged to handle the real estate involved, with the right to call upon them to contribute the necessary costs and expenses in the proportion of one fourth each, and also providing that their trustee at a proper time should make distribution to them of one fourth each of any proceeds.

Thus, we have two things established: First, that Northeastern Title & Trust Company appeared as registered owner; secondly, that the other four defendants appeared as beneficial owners. The difficulty with the case is that the plaintiffs have sought to impose upon the five defendants a joint and several liability where none exists. There is a several liability as to the four defendants because of their beneficial ownership, but not a joint liability. These several defendants cannot be joined in an action ex contractu unless their liability is joint. They are not bound together as if they were a single person. Each of them is liable for one fourth of the taxes and liens, and no more.

A similar situation was passed upon in Philadelphia Co., etc., v. Greenfield Realty Co., 102 Pa. Superior Ct. 12. Judge Cunningham quoted from the opinion of the court below as follows:

"The court below, in an opinion by Finletter, P. J., supporting its order, stated that it felt 'it would be a manifest injustice, not required by any general policy, to make the owner of a fractional interest, small or large, personally liable for the whole tax, i. e. liable not only for his own proportion but also for that of his associate ownership.'"

The plaintiffs can bring a suit against Northeastern Title & Trust Company, and proceed with it on the ground that it is the registered owner. The plaintiffs may also proceed with a suit against each of the other four defendants, namely: Pasquale Criscuolo, Edward J. Holland, John P. McGarvey, and James J. Connolly, to recover from each of them one fourth of the sum.

It is also true that, if the plaintiffs bring suit against the one defendant, Northeastern Title & Trust Company, Northeastern Title & Trust Company may, by proper sci. fa. proceeding, bring in Criscuolo, Holland, McGarvey, and Connolly as being "liable over".

By analogy to the principles of equity, we could attempt so to reform this record as to accomplish such an end, were it not for the fact that the statement of claim lays its count on joint liability where none exists.

For these reasons, the questions of law raised in the affidavit filed in the nature of a demurrer are sustained, with leave, however, to the plaintiffs to amend their pleadings, including their statement of claim, within 15 days hereafter—otherwise, judgment is directed to be entered for the defendants.